UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 20-CR-00232 (JRT/DTS) |
| Plaintiff, | **DEFENDANT'S RESPONSE** |
| v. | **TO THE GOVERNMENT'S** |
| | **SENTENCING MEMORANDUM** |
| Timothy Paul Hanssen (39), | |
| Defendant. | |

Defendant Timothy Paul Hanssen, by and through his undersigned counsel, Brian Toder, pursuant to Local Rule 83.10(g)(1) offers his response to the Government's Sentencing Memorandum. (Dkt. 2402.) Mr. Hanssen filed Defendant's Sentencing Memorandum and Motion for Departure/Variance on January 2, 2024 (Dkt. 2141) and continues to beseech the Court to impose a sentence that is considerably less than that sought by the government which is considerably more than the sentences that have been imposed in this case for similarly situated co-defendants.

Mr. Hanssen pled guilty over a year ago, and his sentencing memo asking for time-served or alternatively, a sentence no higher than necessary to permit his participation in the BOP's Residential Drug Abuse Program ("RDAP"), was submitted over eight months ago. During these past eight months Mr. Hanssen has made progress with his recovery and urges the Court to consider a sentence far less than that which

1

would permit participation in RDAP and instead require sobriety and whatever treatment U.S. Probation would deem necessary as a condition of supervised release.

The government asks for a sentence of 60 months. If the Court imposed that sentence, it would be the highest sentence imposed in this case to date. The government bases its number on 1) the length of Mr. Hanssen's involvement; 2) an allegation that Mr. Hanssen was a manager; 3) the alleged "fruits" Mr. Hanssen received; 4) his criminal record; and 5) the need to deter others. These arguments do not justify a sentence of 60 months.

As noted in his sentencing memorandum and the PSR, MPHO operated between 2007 and February of 2020. Mr. Hanssen was there only a portion of that time, because part of that time he was in prison and part of that time he was estranged from the owner of MPHO, co-defendant Monica Sharma-Hanssen. The PSR recites, "he was hired part-time as a telemarketer for six months until the instant investigation in 2020 closed the company. His earnings were inconsistent and based on commission. This employment is verified by records pertaining to the instant offense." (PSR at ¶ 192.)

If he was a manager, it was in name only. He took orders from Monica Sharma-Hanssen who recruited him because he knew the business.  He received no "fruits" other than a place to stay. When the assets were seized 100% of the money and property was in Monica Sharma-Hanssen's name. When the assets were sold, including Monica Sharma-Hanssen's two-million-dollar home,  he was homeless. Mr. Hanssen in no way

shape or form minimizes the damage he did to others, but at the same time it cannot be ignored that he was doing what he was told to do, and he did not personally profit.

As to his criminal record, the government emphasizes Mr. Hanssen's conviction for a fourth-degree criminal sexual conduct case that occurred more than two decades ago when he was intoxicated. The government argues that none of his convictions or corresponding punishments, including the sex crime, deterred Mr. Hanssen from further criminal conduct even though there is no evidence that Mr. Hanssen ever again engaged in conduct that could be considered a sex crime or some of the other crimes that occurred in his distant past. Yet it is his criminal history category that drives the Guidelines range. His criminal history is old and different from the fraud he takes responsibility for in the matter at bar. It overstates his actual criminal history and is born of a drug problem which can be negated with conditions of supervised release and the sword of Damocles, i.e., prison, that would hang over his head.

The government tries to justify a 60-month sentence with a deterrence argument, but deterrence arguments must fairly be argued in the context of sentencing disparity.

Mr. Hanssen helped Monica Sharma-Hanssen collect at least $9.5 million dollars from MPHO's victims. That $9.5 million dollars drives the offense level from 7 to 27. More than seven years. Coupled with a few other factors and a Criminal History Category of VI, that brings his Guidelines range to 168-210 months.

As to deterrence and disparity, the closest similarly situated co-defendant is John Blalock (11) whose Guidelines range, 168-210 months, was based on a $10 million loss amount and a Criminal History Category of I. This Court sentenced him to time-served.

Mr. Blalock worked in a managerial capacity at Leisure Time Resources ("LTR"). (*U.S. v. Blalock*, July 16, 2024, Govt. Sent. Memo at 2) (Dkt. 2365.) "In that role, he oversaw much of the work of the call centers on a day-to-day basis, overseeing the fraud." (*Id*.) "Although he knew that he and others at the company were committing fraud, he continued to work there day in and day out and perpetuated the scheme for years." (*Id*. at 4.) "Although Blalock worked as a manager, he was not compensated greatly like the owner of the company." (*Id*. at 5.) Time-served.

Yvonne Peterson was an owner. She was sentenced to three months.

Lucille Patterson was an owner. She was sentenced to nine months.

As a final thought, the Court is respectfully requested to consider the fact that, although there is no credit for pretrial release, the Court is not constrained in doing so. Mr. Hanssen (and all similarly situated defendants) have not enjoyed the benefit of the Speedy Trial Act which not only provides a mechanism to get to trial promptly but serves as device to encourage prompt resolution. There was, of course, no opportunity for prompt resolution. For four years Mr. Hanssen has had to put his life on hold. He could not make plans for the future, and at the same time he was bound by restrictions. He understands that whatever detrimental effect he suffered, it paled in comparison to

the pain MPHO unleashed upon its victims, but Mr. Hanssen's pain should be considered when evaluating just punishment.

## CONCLUSION

This Court should sentence Mr. Hanssen to time-served coupled with sobriety and whatever degree of continued treatment recommended by U.S. Probation as conditions of supervised release.

Respectfully submitted,

**CHESTNUT CAMBRONNE PA**

Dated: August 9, 2024         By /s/ Brian N. Toder
Brian N. Toder, #17869X
100 Washington Avenue South
Suite 1700
Minneapolis, MN  55401
Tel: (612) 339-7300
Fax: (612) 336-2909
btoder@chestnutcambronne.com

**ATTORNEYS FOR DEFENDANT**